FILED
United States Court of Appeals
Tenth Circuit

January 11, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JESSE B. WILLIAMS,

    Defendant-Appellant.

No. 09-3153

(D.C. No. 6:00-CR-10131-JTM-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY, BRISCOE**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to honor the parties' request for a decision on the briefs without oral

argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is,

therefore, submitted without oral argument.

Defendant-Appellant Jesse B. Williams was sentenced to an eighteen-month

term of imprisonment after he admitted violating the terms of his supervised

release.  On appeal, Williams' counsel has filed a motion to withdraw and a brief

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

pursuant to <u>Anders v. California</u>, 386 U.S. 738, 744 (1967). Neither Williams nor the government has filed a response to the <u>Anders</u> brief. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we GRANT counsel's motion to withdraw and DISMISS the appeal.

## I

On May, 24, 2001, Williams pled guilty in the United States District Court for the District of Kansas to distributing a controlled substance in violation of 21 U.S.C. § 841(a) (Count 1), and knowingly and intentionally using a communication facility in causing or facilitating the commission of a felony in violation of 21 U.S.C. § 843(b) (Count 2). As a result, Williams was sentenced to eighty-four months' imprisonment to be followed by a four-year term of supervised release on Count 1 and to a concurrent forty-eight months' imprisonment to be followed by a concurrent one-year term of supervised release on Count 2.

After serving time in prison, Williams was released to his term of supervised release. Williams was arrested twice while on supervised release between May of 2007 and January of 2009. His probation officer also reported that he struggled to comply with his drug abstention and testing requirements during this time. Accordingly, and upon petition from the probation office, the district court twice entered orders which modified the terms of Williams' supervised release during this period. Subsequently, in April 2009, Williams was

arrested in Texas and brought to Kansas where he was charged with violating the terms of his supervised release. Williams admitted that he had committed the violations alleged. The district court revoked his supervised release and sentenced him to a term of eighteen-months' imprisonment. Williams then filed a timely notice of appeal.

## II

Under Anders, defense counsel may "request permission to withdraw where [he or she] conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citation omitted). In such a case, "counsel must submit a brief to the client and the appellate court indicating any potential appealable issues based on the record," and the client may then choose to submit his or her own arguments to the court in response. Id. The court must then examine the record "to determine whether defendant's claims are wholly frivolous." Id. If the court concludes the claims are "wholly frivolous," "it may grant counsel's motion to withdraw and dismiss the appeal." Id.

Williams' counsel identifies only one potential issue in his Anders brief: whether the sentence the district court imposed for Williams' violations of the terms of his supervised release was reasonable. Because we will affirm the sentence imposed for a violation of the terms of supervised release so long as the district court's decision was "reasoned and reasonable," United States v. Kelley,

359 F.3d 1302, 1304 (10th Cir. 2004) (quotation and citation omitted), and because upon review of the record we conclude that the district court's decision in the instant case was "reasoned and reasonable," we agree with counsel's assertion that this issue is "wholly frivolous."

In determining the sentence to be imposed for violating the terms of supervised release, the district court must consider the factors set forth in various subsections of 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(3). These include the factors set forth in §§ 3553(a)(2)(B)-(D) and §§ 3553(a)(6)-(7), which relate to general sentencing objectives, § 3553(a)(1) which relates to the nature of the offense and the defendant's characteristics, and §§ 3553(a)(4) and 3553(a)(5) which require the court to consider any relevant policy statement issued by the Sentencing Commission. See id.

The district court in the instant case complied with each of these requirements. Specifically, before imposing Williams' sentence, the court noted that it had "considered the nature and circumstances of [Williams'] violations, [Williams'] characteristics, . . . the sentencing objectives set out by statute . . . [and] the advisory, nonbinding Chapter 7 policy statements issued by the Sentencing Commission." Tr. of May 28, 2009 at 11: 1-6. Morever, the eighteen-month term of imprisonment imposed by the district court is at the

4

bottom of the range suggested by the Guidelines' Chapter 7 policy statements.[1]

Accordingly, we conclude that the district court's sentencing decision was

"reasoned and reasonable," <u>see</u> <u>Kelley</u>, 359 F.3d at 1305 ("Having determined

that the district court properly considered the factors it was bound to review . . .

we have no difficulty in determining [the] . . . sentence was reasoned and

reasonable . . . ."), and Williams has no nonfrivolous basis for challenging his

sentence.

### III

Counsel's motion to withdraw is GRANTED and the appeal is

DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

---

[1] Section 7B1.4(a) of the Sentencing Guidelines suggests a term of imprisonment of eighteen to twenty-four months for an offender such as Williams who had a criminal history category of V at the time of his original sentencing and who committed a Grade B violation while on supervised release

5